The District Court erred in sentencing Mr. Grimes because it misapplied two distinct sentencing enhancements, one that's statutory in nature and one that's based on the guidelines. The statutory enhancement was based on 18 U.S.C. sections 2255b1 and b2. The government failed to meet the burden of proof that the defendant had a qualifying conviction. And of course, they had to prove a conviction, quote, relating to aggravated sexual abuse, sexual abuse or abuse of sexual conduct, end quote. The government must use this categorical analysis to prove that prior conviction. And of course, that's from the Sonnenberg case of 2009 from this court. The government concedes that the categorical analysis applies, but then I think consistently goes on to argue that the District Court was free to, quote, consider, wait to assign the piece of evidence. I don't think that's the categorical analysis. I don't think that's consistent with Shepard documents. And I think that's in violation of Mr. Grimes' Sixth Amendment rights because the judge is not allowed to find facts to increase the penalty or sentence here. And I think the problem with the government's approach here is that it relies very heavily on an affidavit to conduct its categorical analysis. And pursuant to the Benitez de los Santos case, it's, quote, not the type of reliable or accurate judicial record in which a court may rely, end quote. So, and that's for a number of reasons. You have this affidavit and it wasn't entered into by the person signing the affidavit at the time of the conviction, right? It was 16 years later. And what is this person relying on? I mean, presumably they're relying on the same documents that we have in the appendix. And I think that's problematic when you turn to the specific convictions. The first, and the government relies on two convictions. The first is a sexual abuse in the first degree conviction under 130.65. That's a New York statute. And then, so it's divisible, the statute. And the key is, well, what subsection of the statute was he convicted of? The government assumes that it was subsection 1. I think they rely on that affidavit. But when you go to the documents, and this is A4 of their appendix, this is their exhibit 4 as they number it here, it actually says 130.65-3, which leads you to believe that it's subsection 3. And then you go to A10, and you go, and these are Shepard documents. And it says a person less than 11 years old. That parrots language from subsection 3. It doesn't use the forcible compulsion language from subsection 1. And I think that's important here because they assume that the Lockhart case, Supreme Court case applies here, but that only analyzed subsection 1. Does it matter which subsection he was convicted under? Would they all be qualified? That's an excellent question, Your Honor. It does matter. And this is why we have to analyze the least culpable conduct under the statute. And under the statute, we show state court case law that the conviction under the statute doesn't satisfy either relating to aggravated sexual abuse, sexual abuse or abuse of sexual conduct. Specifically, there's the Knudgeman case, which the government doesn't address. And I think all that really rises to is false imprisonment. It's not relating to one of those aggravating sexual assault crimes. And the government really doesn't touch on that issue in their brief, which I think is problematic here. The second conviction the government relies on is Criminal Sexual Act in the Second Degree. That's another New York statute, 130.45. And we cite to the Van Mead case, again, showing – and Van Mead's a Second Circuit case – showing that it doesn't meet the generic offense, because it's overbroad. It criminalizes wide range of conduct that doesn't require a mens rea, a specific criminal intent. But aggravated sexual assault and sexual abuse or abuse of sexual conduct does. So I think... Can you go back to why you think the court can't rely on a certified document from the state to say what person is convicted of? Why isn't that an authenticated, certified court, I mean, document? I think the problem is, under the Benitez de Los Santos case, again, it's not the type of reliable or accurate judicial record. If this person wants to opine on what they were convicted of, bring them in the court and we can understand why, how they're reaching that conclusion here. But the problem is... If it's a certified document from the state, though, the sentencing hearing can't judge rely on that? I don't think so, because, again, what the Benitez de Los Santos case focuses on is that it's contemporaneously made with the conviction. So it shows reliability. And especially not here, where it contradicts their other documents, the actual Shepard documents. I mean, they could get... And I'm not saying that there's any intent here, but let's just think about the worst case nefarious intent, where you have a prosecutor and says to someone, we're going to trump up what you should say in your affidavit, and we're going to have you reach all these conclusions, and they're going to be inconsistent with the Shepard documents. Again, I'm not insinuating that's what happened here at all. But I think that's a problem, that we just give total deference to whatever's stated in an affidavit, even if it's 16 years later, and even when it contradicts the actual Shepard documents before this Court. Did the Shepard documents include the judgment? No. And I think that's part of the problem, Your Honor. Well, that's also an explanation for why it's criminal damage. Right. I mean, but I think... It could be based on the final judgments, and we just have to charge it. Right. And I think the benefit of the doubt goes to Mr. Grimes, right? And I think that's without categorical analysis, I mean, we can't presuppose that it's the one the government wants to pick, especially when the Shepard documents don't, I don't think, support that. And you have an affidavit which is not a Shepard document. So, again, going back to the Sixth Amendment, you have the judge kind of on a roaming expedition where the government, quote, says he's free to consider the way to assign a piece of evidence. I don't think that matches with Apprendi and what the Supreme Court has hammered consistently in cases like Mathis. And they've shown a lot of concern with that. Well, even if you are correct, then the district court also made the finding that based on everything before him, assuming you were correct, that he would impose the very same sentence. Excellent point, Your Honor. And let me touch on that briefly. As it pertains to count three, that finding just doesn't hold any weight, I don't think, because the conviction for possession of child pornography under 22-5284, the maximum is 10 years. Statutory lid without the enhancement. So if you take that away, he was sentenced to 228 months. So we're above the stat max. So I think that needs to go back in a minimum count three. And even count ones and count two, he did make that cursory finding. But when you, again, take away the stat max, statutory max, he would be at 240 would be the maximum he would be sentenced on. He was sentenced to 228, almost the maximum here. So I think you need more meaningful findings to sentence... But he could stack those sentences and be within the law. True. And I think that's a good point. But I think under this Court's case law, you need to make more findings to stack. And you can't just presume that he's going to stack or presume based on a cursory finding that that's appropriate. I mean, I think that needs to be, quote unquote, teed up for this Court to understand what would be the basis for stacking. Well, didn't he say that based on everything he knew about the case, and I'm not reading, obviously, his exact words, but he said, quote, here it is, no matter if you want all your objections, I'm still coming to the same place on this case either way. Right. And I think that holds no weight as it pertains to count three because it would become an illegal sentence. As it pertains to counts one and two, again, I think there's some case law from the circuit saying that such an anemic conclusory statement isn't sufficient. You have to do more. Under the Martinez case, and I think under Supreme Court case law, not on point, but insinuates, I think it's the Malina-Martinez case, I can't remember the specific name, that there needs to be more support for such a sentence. I'd like to reserve the remainder of my time. I haven't gotten to the second Thank you. Thank you, Your Honor. My name is Catherine Conley, Assistant United States Attorney here in the Western District of Missouri. It's clear from the discussion up to now that the main issue that concerns this court is whether or not the government met its burden to provide the court with sufficient evidence to support the enhancement under 2252. And the court correctly found that the government did. The government provided to the court three exhibits. One exhibit was a copy of the statute that was in force at the time the defendant obtained a, sustained a conviction for sexual abuse in the first degree in New York. Exhibit number two was a copy of the statute that applied for the second degree was a copy of a certification of disposition that was certified by the clerk of court that basically, that told the court exactly what the defendant had been convicted of. That the certificate of disposition stated, I certify that it appears from an examination of the records on file in this The above named defendant entered a plea of guilty to the crime of sexual abuse first degree under 130.6501 and criminal sexual acts second degree under 13045. Your Honor, a certificate of disposition has been found to be a reliable method of proof. I will acknowledge that I did not cite any case law regarding that and I would ask the court's permission to provide the court with a 28G letter later today to supplement the record, to provide the court with authority that a certificate of disposition in New York State has been found to have sufficient indicia of reliability to support a finding of sufficient for a prior conviction. We don't have a judgment. No, we don't have a judgment, Your Honor. I don't believe The charging document shows subsection three. That's correct. The charging document and the affidavit, that's government's exhibit four, shows other possible charges. But Your Honor, here's the deal. An affidavit is simply a statement by a law enforcement officer. It is not a proof of conviction and it certainly doesn't tell the court what the person was convicted of. Now, the law enforcement agent will give a rendition of the facts. Oftentimes they'll suggest what statutes are possibly violated by that. But that's not saying what that person was charged with. And it's certainly not telling the court what that person was convicted of. The same applies. I'm sorry, I know you're going to say something. I think the Sheppard document would include the charging document. Right. You're saying you're going to submit a 28G with a case that says this affidavit is equivalent to a Sheppard document? I'm saying that I will supply supplemental authority that exhibit three is a comparable document to justify enhancement. The government did not submit exhibit four or five in support of this enhancement under 2252. And I know the appellate counsel apparently misunderstood that. But I'll direct the court to the transcript. I believe it's in I think it's paragraph, page six of the transcript, where I tell the court get down to line 14. Any objection to exhibit three, Ms. Allen, no, Your Honor. Exhibit three is admitted. I say, Your Honor, that's the government's evidence with regards to the convictions. I do have evidence with regards to the defendant's objection regarding pattern of activity, which is a second objection. But the point is, Your Honor, the government did not offer anything other than a Sheppard document for, to justify the enhancement under 2252. I'm sorry, Your Honor. Well, and Your Honor, you're right. I just need to show that this person was convicted of the offense. And I believe it's clear to the government that what I supplied, the Certificate of Disposition, was sufficient to justify that enhancement. I think sometimes the word Sheppard is used a little bit loosely, and I apologize for that. My burden was to show that the person had been convicted of those offenses under 2252, and the Certificate of Disposition did that. With regards to, and this wasn't touched on in the argument, and perhaps I'll touch on it briefly, and that is, once that enhancement, once government's Exhibit three had been admitted to the court, the question was, do the two offenses, do they qualify as prior offenses under 2252? And Your Honor, Honorable Court, there's no question that it applies. Now, I know that defense counsel has suggested to the court that under Lockhart United States, because because there's a question with regards to what offenses a defendant was convicted of, that Lockhart doesn't apply. Your Honor, Lockhart clearly applies. Lockhart was convicted under 13065 parenthesis one. The Certificate of Disposition clearly shows that he was convicted of that. With regard to the other conviction, the Criminal Sexual Act, second degree, the government had to show that the statute involved, again, sexual abuse. The defendant was convicted of deviant sexual intercourse with another person less than 14 years of age. The definition for sexual abuse, if you look at the Knowles case, basically says that the sexual abuse relates to physical or non-physical misuse or maltreatment for the purpose of sexual gratification. Sexual conduct between persons not married, deviant sexual intercourse under New York statute defines sexual conduct between persons not married to each other consisting of what you need to find under the New York statute for deviant sexual intercourse falls squarely within the definition under 2252.2. It's the government's position that we definitely showed that the enhancement should apply. Now with regards to sentencing on count three, without the enhancement, the statutory minimum for that count would be 10 years. But the fact is, when the court announced the sentence, it announced that the counts were going to run concurrently. The count one and count two, there was a 200-plus month, a 228-month sentence. That was below the 20-year statutory minimum without the enhancement. The fact that the count three had a higher level, assuming the enhancement, doesn't matter because the counts were going to run concurrently. I won't touch on the pattern question, but I will talk about whether or not the court made sufficient findings with regards to the reasons for the sentencing. It's clear from a review of the transcript, Your Honor, that the court adequately explained the chosen sentence to allow for meaningful appellate review and to promote the perception of fair sentencing. If you review the transcript, paragraphs 22 and 23, the court took labor of explaining that it found the enhancements, that it had considered 3553 factors, whether it be deterrence, protection of the community, and more than anything else, it said regardless of whether or not we found the enhancement, regardless of whether or not he upheld the pattern of activity, he was going to find the same sentence. He was going to give Mr. Grimes 228 months. There's no prejudice here, Your Honor. If there's no other questions, then I'll end my discussion. Thank you. If it pleases the court, briefly, I don't have a problem with that. I think it does. And I think Sonnenberg alludes to that, that Shepard is the method we should engage in. And let's say, assuming arguing that you can use affidavits, they need to be reliable. I think they need to be contemporaneous. I mean, I know I'm kind of hammering the same points here. Apprendi. Apprendi. Apprendi. Fair enough, Your Honor. I mean, but I think it's important here. I think it's an issue the Supreme Court has been concerned with. The government hasn't addressed it. So I think they need to. And they haven't really addressed our state court cases in their categorical analysis. Did you say it's clear? If the conviction is sufficiently proven to be under subsection 1 of 130.65, do you concede that it qualifies? Yeah. I mean, if you if it qualifies, then there's nothing more. I have a question. Are you conceding whether it qualifies if it's a subsection 1 condition? Oh, yes, Your Honor. Thank you for your time. Well, if she submits a 28-J, you're of course welcome to respond. Thank you, Judge. If there's some objection to it because of the timeliness, you're welcome to raise that if you wish. I'm not encouraging it. I just thought that's maybe what you were alluding to. We want the issues fully briefed. So you're welcome to respond if you wish. Thank you, Your Honor. All right. Very well. The case is submitted. The court will file an opinion in due course. That concludes the docket for this morning and for the week. The court will be at recess until further comment.